# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**CHERIE LYNN HANCOCK,**

    **Plaintiff,**

**v.**                                                                              **Case No: 5:20-cv-333-Oc-PRL**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## ORDER

This matter is before the Court on the Commissioner's Unopposed Motion for Entry of Judgment with Remand in which the Commissioner requests the Court to remand this case for further administrative action. (Doc. 22).

Pursuant to Title 42, United States Code, Section 405(g) the Court is empowered to reverse the decision of the Commissioner with or without remanding the cause for a rehearing. *Shalala v. Schaefer*, 509 U.S. 292 (1993). The failure of the ALJ to develop the record constitutes sufficient grounds for remand. *Brissette v. Heckler*, 730 F.2d 548 (8th Cir. 1984), *appeal after remand* 613 F. Supp. 722 (E.D. Mo. 1985), *judgment aff'd in part, rev'd in part,* 784 F.2d 864 (8th Cir. 1986). Where the district court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow him to explain the basis for his decision. *Falcon v. Heckler*, 732 F.2d 827, 829-30 (11th Cir. 1984) (holding remand was appropriate to allow the ALJ to explain the basis for the determination that the claimant's depression did not significantly affect her ability to work and treating psychologist acknowledged that claimant had improved in response to treatment and could work in a

supportive, noncompetitive, tailor-made work environment). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (finding that it was necessary for the ALJ on remand to consider psychiatric report tendered to Appeals Council); *Reeves v. Heckler*, 734 F.2d 519, 522 n. 1 (11th Cir. 1984) (holding that the ALJ should consider on remand the need for an orthopedic evaluation).

Upon review of the record and filings, I agree with the parties that it is appropriate to remand this matter to the Commissioner. Accordingly, it is ORDERED:

1. The Commissioner's Motion (Doc. 22) is **GRANTED** and this action is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g)[1] to the Commissioner for the following reason:

> To have an Administrative Law Judge (ALJ) further evaluate whether medical improvement has occurred as set forth in 20 C.F.R. § 416.994; proceed through the sequential evaluation process as needed based on the updated record; and take any further action needed to complete the administrative record and issue a new decision.

2. The Clerk is directed to enter judgment accordingly and close the file.

**DONE** and **ORDERED** in Ocala, Florida on January 29, 2021.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] Remand pursuant to sentence four of § 405(g) makes the Plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, and terminates this Court's jurisdiction over this matter. *Shalala v. Schaefer*, 509 U.S. 292 (1993).